# Richmond

## V. A. WITCHER v. COMMONWEALTH, No. 1.

### April 5, 1923.

1. INTOXICATING LIQUORS—*Presumption—Possession of More than a Gallon of Liquor—Rebuttal—Instructions—Weight of Evidence.*—Upon a prosecution for violation of the prohibition act, accused asked for an instruction to the effect that although possession of more than one gallon of liquor is *prima facie* evidence of guilt, "that inasmuch as the accused is put in the difficult position of proving a negative fact, his own testimony will overcome the *prima facie* evidence against him." The court modified this instruction so as to read: "His own testimony, if the jury is satisfied as to the truth of such testimony, may overcome the *prima facie* evidence against him."

    *Held:* That the action of the court was correct, as the instruction as asked for by accused passed upon the weight of the testimony, while the instruction as amended referred that question to the jury.

2. INTOXICATING LIQUORS—*Declarations and Admissions—Self-Serving Declaration.*—Where, upon a prosecution for violation of the prohibition law, accused testified that he acquired the liquor in question before the prohibition act became effective, it was not error to exclude a self-serving statement of the accused to the same effect made to a witness.

3. INTOXICATING LIQUORS—*Evidence Sufficient to Sustain Conviction.*—The refusal of the trial court to set aside a verdict of guilty of a violation of the prohibition act is not error, where it appears from the Commonwealth's testimony that accused sold liquor unlawfully, and from his own testimony that he had in his possession two gallons of whiskey at the time the officers arresting him went to his house.

Error to a judgment of the Circuit Court of Pittsylvania county.

*Affirmed.*

The opinion states the case.

*R. I. Overbey,* for the plaintiff in error.

*John R. Saunders, Attorney General, J. D. Hank, Jr., Assistant Attorney General,* and *Leon M. Bazile, Second Assistant Attorney General,* for the Commonwealth.

PRENTIS, J., delivered the opinion of the court.

The accused had been convicted under an indictment in the general form provided in the act prohibiting the manufacture and sale of intoxicating liquors, charging him with the unlawful manufacture and sale of intoxicating liquor. He assigns three errors.

[1] 1. He complains of the refusal of the court to grant an instruction to the effect that the possession of more than one gallon of ardent spirits in the home of the accused is *prima facie* evidence of his guilt as charged in the indictment, and "that inasmuch as the accused is put in the difficult position of proving a negative fact, his own testimony will overcome the *prima facie* evidence against him."

In lieu thereof the court gave an instruction in the same language as that offered by him, except that the last clause was amended so as to read: "His own testimony, if the jury is satisfied as to the truth of such testimony, may overcome the *prima facie* evidence against him"—that is to say, while the instruction offered passed upon the weight of the testimony and instructed the jury that the testimony of the accused would overcome the *prima facie* presumption arising from the possession of intoxicating liquor, the instruction as amended and granted referred that question to the jury. This action of the court is so manifestly correct that it is only necessary to state it to show that the exception is not well taken.

[2] 2. There is an exception growing out of the fact that the court excluded a self-serving statement of the

accused which was made to the witness Johnson, to the effect that the accused said that he bought the liquor which he possessed from a dispensary before November 1, 1916, when the prohibition act became effective. This ruling is also obviously correct. The accused himself testified in the case and stated that he had thus acquired the liquor and had it in his possession for a lawful purpose. His statement to the witness Johnson was clearly inadmissible.

[3] 3. He excepts to the refusal of the trial court to set aside the verdict as contrary to the evidence. This exception is also without merit, for it appears from the Commonwealth's testimony, if true, that he sold liquor unlawfully, and from his own testimony that he had in his possession two gallons of whiskey at the time the officers went to his house.

*Affirmed.*